*Electronically Filed*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>CATALYST RESOURCES, LLC and COVOL FUELS NO. 3, LLC<br><br>               Defendants. | Civil Action No. 6:24-CV-131-CHB |

## COMPLAINT

Plaintiff American Zurich Insurance Company by way of Complaint against defendants Catalyst Resources, LLC and Covol Fuels No. 3, LLC alleges as follows:

## THE PARTIES

1. American Zurich Insurance Company of Illinois ("AZIC") is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. AZIC is authorized to transact business and has transacted business in the State of Kentucky.

2. Defendant Catalyst Resources, LLC ("Catalyst") is a limited liability company organized under the laws of the State of Delaware. Catalyst's principal place of business at all relevant times was 102 E. Kentucky Avenue, Suite 200-D, Pineville, Kentucky 40977. Catalyst purportedly changed its principal place of business to 100 Elks Club Road, Brevard, North Carolina 28712 on or about August 22, 2024. The only member of Catalyst is Straight Creek Holding Corporation. Straight Creek Holding Corporation is a corporation formed under the law

of the State of North Carolina with a principal place of business to 100 Elks Club Road, Brevard, North Carolina 28712. Catalyst is authorized to and conducts business in Kentucky.

3. Defendant Covol Fuels No. 3, LLC ("Covol") is a limited liability company organized under the laws of the State of Utah. Covol's principal place of business at all relevant times was 102 E. Kentucky Avenue, Suite 200-D, Pineville, Kentucky 40977. Covol purportedly changed its principal place of business to 100 Elks Club Road, Brevard, North Carolina 28712 on or about July 29, 2024. The only member of Covol is Catalyst. Covol is authorized to and conducts business in Kentucky.

## JURISDICTIONAL ALLEGATIONS

4. The amount in controversy between the parties exceeds $75,000.

5. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Venue is proper in this judicial district because a substantial part of the events, including contract formation, or omissions giving rise to the claim occurred in Kentucky.

## FACTUAL BACKGROUND

6. AZIC repeats, restates, and realleges the allegation of Paragraphs 1 through 5 as if fully set forth herein.

7. AZIC issued a policy of workers' compensation and employers liability insurance to Catalyst and Covol (collectively "Defendants") under WC 3310981-00 for the effective dates of December 31, 2022 to December 31, 2023, cancelled effective June 1, 2023 ("Policy").

8. The Policy is an insurance contract which provides insurance for certain liabilities of Defendants as set forth in the Policy.

9. The initial premiums for the Policy were $1,359,060.

10. Defendants paid $565,457 toward the initial premiums for the Policy.

11. AZIC fulfilled its contractual obligations to Defendants and provided the coverage afforded by the Policy.

12. Pursuant to the terms of the Policy, initial premiums are based on information submitted by Defendants regarding its estimated exposure (i.e., payroll, sales, etc.) for the effective dates of coverage.

13. Since initial premiums are based on estimated information, the Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

14. The audit of the Policy, which accounted for all credits related to the cancellation of the Policy, produced additional premiums in the amount of $154,134 owed by Defendants to AZIC.

15. Defendants, however, only paid $38,533.50 toward the additional premiums.

16. Defendants remain indebted to ZAIC in the amount of $115,600.50 for the additional premiums for the Policy.

17. Statutory interest for the unpaid premiums as of August 30, 2024, totals $8,147.29.

18. Defendants are currently indebted to AZIC in the amount of $123,747.79 for premiums for the Policy.

19. AZIC issued invoices and/or demands for payment of the unpaid premiums plus interest for the Policy in a timely fashion.

20. Pursuant to the terms of the Policy, Defendants have a deductible obligation of $500,000 per claim submitted for coverage.

21. Pursuant to the terms of the Policy, Defendants deductible obligation per claim or occurrence is based on the total indemnity and expenses incurred for that particular claim.

22. Defendants submitted a claim with a date of loss of April 19, 2023 for claimant G.N. ("Claim No. 2240460588").

23. AZIC fulfilled its contractual obligations to Defendants and provided the coverage afforded by the Policy for Claim No. 2240460588.

24. AZIC issued invoices and/or demands for the payment of the deductibles owed under the Policy for Claim No. 2240460588 to Defendants in the amount of $26,411.60.

25. Pursuant to the terms of the Policy, Defendants are obligated to remit payment of the invoices.

26. Defendants have failed and refused to remit payment of the invoices.

27. Statutory interest for the unpaid invoices as of August 30, 2024, totals $920.47.

28. Claim No. 2240460588 remains open and additional invoices for amounts within Defendants' deductible will be issued in the future.

29. AZIC's reserves for indemnity costs and expenses for Claim No. 2240460588 are in excess of $175,000.

30. Defendants' Chief Operating Officer stated on or about August 29, 2024, that Defendants will not remit payment of the outstanding premiums or deductibles due to financial distress.

## COUNT ONE
### (Breach of Contract)

31. AZIC repeats, restates, and realleges the allegation of Paragraphs 1 through 30 as if fully set forth herein.

32. The Policy is a written contract.

33. Defendants agreed to remit payment of premiums, including audit premiums, and deductibles in consideration for AZIC's provision of insurance coverage to Defendants.

34. Defendants have failed and refused to remit payment of the audit premium in the amount of $123,747.79, inclusive of interest as of August 30, 2024, owed to AZIC pursuant to the terms of the Policy.

35. AZIC, on numerous occasions prior to the filing of the litigation, demanded payment of the $123,747.79 owed by Defendants to AZIC for premiums and attempted to collect same without success.

36. AZIC, on numerous occasions prior to the filing of the litigation, demanded payment of the $27,355.14, inclusive of interest as of August 30, 2024, owed by Defendants to AZIC for deductibles and attempted to collect same without success.

37. AZIC has consistently met and fulfilled its contractual obligations to Defendants.

38. Defendants, through their failure and refusal to remit payment, have breached the insurance contracts, i.e., the Policy.

39. As a result of Defendants' breaches of the insurance contract, AZIC has suffered damages in the amount of $151,102.28, plus additional interest, attorney fees, and costs.

**WHEREFORE**, AZIC demands judgment against Defendants, jointly and severally, in the amount of $151,102.28 for compensatory damages, together with pre-judgment and post-judgment interest, reasonable attorney's fees, cost of suit, and such further relief as this Court deems just and proper.

### COUNT TWO
**(Account Stated)**

40. AZIC repeats, restates, and realleges the allegation of Paragraphs 1 through 30 as if fully set forth herein.

41. AZIC presented a statement of account to Defendants.

42. Defendants did not dispute the statement of account.

5

43. Defendants failed to provide any information or documents identifying any errors in the statement of account.

44. Defendants admitted that the account statement was accurate.

45. Defendants, being indebted to AZIC in the sum of $151,102.28 upon an account stated between them, promised to pay AZIC said sum on demand.

46. AZIC has demanded payment of the amount due and owing from Defendants to AZIC on numerous occasions prior to filing of this litigation.

47. Defendants, however, failed to remit payment.

48. AZIC has attempted to collect the amount due and owing from Defendants without success.

49. Defendants' failure and refusal to pay the $151,102.28 balance which it owes to AZIC has resulted in damages to AZIC in the amount of $151,102.28, plus additional interest, attorney fees, and costs.

**WHEREFORE**, AZIC demands judgment against Defendants, jointly and severally, in the amount of $151,102.28 for compensatory damages, together with pre-judgment and post-judgment interest, reasonable attorney's fees, cost of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
### (Anticipatory Breach/Repudiation of Contract)

50. AZIC repeats, restates and realleges the allegations in Paragraphs 1 through 30 as if fully set forth herein.

51. Defendants' failure and refusal to remit payment for premiums and deductibles, which date back to October 2023, owed under the Policy constitutes a clear intention that Defendants will no longer perform their obligations under the Policy.

6

52. Defendants Chief Operating Officer stated on or about August 29, 2024, that Defendants would not pay the premiums, nor the deductibles owed under the Policy.

53. Defendants admitted that they are in financial distress and will not remit the premiums and deductibles owed under the Policy.

54. Defendants have unequivocally communicated their intent to breach the Policies by refusing to remit payment for outstanding premiums and deductibles.

55. Defendants should not be entitled to retain and continue to receive the benefits of the coverage under the Policy because of Defendants' intentional and anticipatory breaches of the Policy.

56. AZIC has been damaged by Defendant's anticipatory breach of the Policies in an amount of at least $175,000.

**WHEREFORE**, AZIC demands judgment against Defendants, joint and severally, in the amount of $175,000 for compensatory damages, together with pre-judgment and post judgment interest, attorney's fees, discretionary costs and such further relief as this Court deems just and proper.

### COUNT FOUR
### (Unjust Enrichment)

57. AZIC repeats, restates, and realleges the allegation of Paragraphs 1 through 5 as if fully set forth herein.

58. AZIC has provided insurance coverage and related services to Defendants for which Defendants refused to pay.

59. Defendants acknowledged and accepted the insurance coverage and related services provided by AZIC.

60. Defendants benefitted from the insurance coverage and related services provided by AZIC.

61. Defendants has been unjustly enriched by the insurance coverage and related services to AZIC's detriment.

62. It would be unconscionable for Defendants to retain the benefits of the insurance coverage and related services without payment to AZIC.

63. AZIC has repeatedly demanded that Defendants remit payment for the insurance coverage and related services provided by AZIC.

64. Defendants' failure and refusal to pay the $151,102.28 balance owed to AZIC and refusal to remit any future payment has resulted in damages to AZIC in the amount of at least $326,102.28, plus additional interest, attorney fees, and costs.

**WHEREFORE**, AZIC demands judgment against Defendants, jointly and severally, in the amount of $326,102.28 for compensatory damages, together with pre-judgment and post-judgment interest, reasonable attorney's fees, cost of suit, and such further relief as this Court deems just and proper.

Dated: _____

Respectfully submitted,

THOMPSON & KENNEDY PLLC
*Counsel for Plaintiff*

By: /s/ Todd P. Kennedy
    Todd P. Kennedy
    tkennedy@kylegal.com
    140 Scott Ave.
    Pikeville, KY 41501
    (606) 432-2156