UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, | ) ) ) | |
| | ) | Civil Action No. 6:24-CV-131-CHB |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| CATALYST RESOURCES, LLC, and COVOL FUELS NO. 3, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On March 9, 2026, the Court entered a Memorandum Opinion and Order granting the Motion for Summary Judgment, [R. 24], filed by Plaintiff American Zurich Insurance Company ("Plaintiff"). [R. 29]. The Court reserved ruling on the issue of damages, however, and directed Plaintiff to file a Report on the following issues: (1) updated damages calculations; (2) calculations of per diem interest; and (3) whether interest is calculated under state or federal law. *Id.* at 13. Plaintiff has done so, [R. 30], and Defendants have responded, [R. 31]. Based on the briefing, the Court then directed Plaintiff to file a reply providing proof of any invoices or other notice regarding the additional premiums owed pursuant to the audit which were sent to and/or received by Defendants prior to December 8, 2023, [R. 32], and Plaintiff did so, [R. 33]. This matter is therefore fully briefed and ripe for review.

I.    STANDARD OF REVIEW

As the Court explained in its March 9, 2026, Memorandum Opinion and Order, it may grant summary judgment if it first finds that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* [R. 29,

- 1 -

p. 3]. "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Ultimately, if the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, then there is no genuine issue of material fact and summary judgment is appropriate. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

In the present case, the only remaining issues in dispute are (1) whether Defendants were obligated to receive notice of the unpaid principal amount before interest began to accrue and (2) when Defendants actually received that notice. The first issue is a question of law, while the second issue is a question of fact.

## II.    ANALYSIS

The parties agree that the principal amount Defendants owe to Plaintiff as a result of Plaintiff's audit is $115,600.50. *See* [R. 30, p. 2; R. 31, p. 2]. The parties also appear to agree that Defendants owe various additional sums due starting December 21, 2023, through April 21, 2025. *See* [R. 30, p. 2]; *see generally* [R. 31 (making no response)]. The parties further appear to agree that if any pre-judgment interest on these sums is owed to Plaintiff, the interest is calculated under state law, while any post-judgment interest owed is calculated under federal law. *See* [R. 30, pp. 2–3 (citing *Est. of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005)]; *see generally* [R. 31 (making no response)]. Accordingly, the parties appear to agree the pre-judgment interest rate 8% per annum under K.R.S. § 360.010 and the post-judgment interest rate is 3.56% per diem pursuant to 28 U.S.C. § 1961, under which post-judgment interest is calculated using the average weekly yield on U.S. treasury securities at one-year constant maturity for the calendar week preceding the judgment. *See* [R. 30, pp. 3–4]; *see generally* [R. 31 (making

no response)]. Accordingly, the Court turns to the remaining issues in dispute: (1) whether Defendants were obligated to receive notice of the unpaid principal amount before interest began to accrue and (2) when Defendants actually received that notice.

In Plaintiff's calculation of the interest owed to them, interest begins accruing on October 12, 2023, the due date of the invoice Plaintiff issued for Defendants' unpaid premiums. [R. 30, p. 2]. Defendants argue that because they did not receive notice of the amount owed until December 8, 2023, taken together with a purported 20-day "cure period," any interest owed did not begin accruing until December 28, 2023, making Plaintiff's interest calculations "overstated by approximately $2,240.31." [R. 31, p. 4]. Plaintiff's Reply contends that Defendants misrepresent their cited caselaw purporting to impose a notice requirement and additionally points to evidence in the record purportedly showing Plaintiff billed Defendants for additional premiums on August 30, 2023, and the bill included a due date of October 12, 2023. [R. 33, p. 3].

The Court will first address whether the law imposes a notice requirement for amounts due and payable. Defendants cite to K.R.S. § 360.010 in claiming that "pre-judgment interest is permitted only on liquidated sums that are due and payable" and that "[a] sum cannot be considered 'due' when a debtor has not received the underlying invoice or been otherwise placed on notice of the alleged obligation." [R. 32, p. 3]. But the text of K.R.S. § 360.010 indicates no such "due and payable" requirement as articulated by Defendants. Rather, it simply reads "the legal rate of interest is 8% per annum" unless K.R.S. § 360.040 applies or the parties agree otherwise in writing. K.R.S. § 360.010. Neither party argues that K.R.S. § 360.040 applies and neither party argues that a written agreement governs interest accrual, *see generally* [R. 30; R. 31], making § 360.010's plain command the applicable language to these interest calculations.

- 3 -

Defendants also cite *Nucor Corp. v. General Elec. Co.*, 812 S.W.2d 136 (Ky. 1991), in asserting that "[c]ourts applying Kentucky law consistently recognize that for interest to begin accruing the amount due must be 'made certain.'" [R. 32, p. 3]. The case states the following: "When the damages are 'liquidated,' prejudgment interest follows as a matter of course. Precisely when the amount involved qualifies as 'liquidated' is not always clear, but in general 'liquidated' means '[m]ade certain or fixed by agreement of parties or by operation of law.'" *Nucor*, 812 S.W.2d at 141 (quoting *Black's Law Dictionary* 930 (6th ed.1990)). Plaintiff agrees its "claim involves a *liquidated* debt," [R. 33, p. 2 (emphasis in original)], and points out that *Nucor* quoted the Restatement (Second) of Torts § 913 in writing that if liquidated damages are at issue "'so that the tortfeasor has reason to know the amount he should pay or its approximate amount, it would be unjust not to allow interest from the time when he should have made payment.'" 812 S.W.3d at 144 (quoting Restatement (Second) of Torts § 193 cmt. a (A.L.I. 1979). Accordingly, Plaintiff argues, because the amount owed in additional premiums was definite (i.e., the damages are liquidated), interest should accrue from the date the invoice was billed—the date Defendants "had reason to know to the amount [they] should pay." *Id.* (citation and quotation marks omitted); [R. 33, p. 3]. In other words, Plaintiff does not appear to dispute that there *is* a notice requirement; Plaintiff merely disputes *when* Defendants should have been on notice. *See* [R. 33, p. 3]. The Sixth Circuit has elsewhere noted that "[Prejudgment] interest should not begin to run until [a defendant] receives notice of the amount due," since "[a]llowing interest to accrue without notice would be inequitable because [a defendant] could not avoid paying interest if it did not know how much was due." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.*, 44 F.4th 393, 418 (6th Cir. 2022).

- 4 -

This Court agrees, and will therefore award prejudgment interest based on when Defendants were put on notice as to the precise amount of unpaid premiums owed.[1]

The parties provide a range of dates as to when Defendants received notice of the amount owed. First, Plaintiff argues Defendants received notice on August 30, 2023, meaning that when the bill became due on October 12, 2023, interest began to accrue immediately. [R. 33, p. 3]. In support, Plaintiff cites to two internal documents pertaining to Defendants' policy payments: an "Audit Adjustment of Premium" bill, dated August 30, 2023, [R. 27-2]; and a "Statement of Account" that provides an "Outstanding Premium Detail by Billed Invoices" and lists a sum of $115,600.50 as remaining owed regarding an amount due on October 12, 2023, for which a partial payment was made, [R. 27-12]. Second, and alternatively, Plaintiff argues pre-judgment interest should begin accruing on November 15, 2023, the date Plaintiff emailed a "second invoice notice directly to Defendants' agent, USI Insurance Services." *Id.* In support, Plaintiff attaches an exhibit reflecting that USI received and acknowledged this invoice notice that same day. [R. 33-1, p. 1; R. 28-2, pp. 2–3]. Third and lastly, Defendants argue they received notice on December 8, 2023, [R. 31, p. 4], but provide no supporting evidence or documentation, such as email communications, to suggest this date is correct. *See generally* [R. 31].

In light of Defendants' lack of evidentiary support suggesting they did not received notice until December 8, 2023, taken together with Plaintiff's citation to evidence in the record indicating Defendants' agent received notice on November 15, 2023, and passed on that notice to Defendants

---

[1] Defendants cite to no caselaw or any other sources of law to support their claim that a 20-day "cure period" applies to toll the date at which interest begins to accrue. Because Defendants' argument is wholly undeveloped, the Court need not and will not consider it further. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–34 (1st Cir. 1995))) (internal quotation marks omitted).

later that same day, *see* [R. 33-1, p. 1; R. 28-2, pp. 2–3], the Court rejects Defendants' argument that prejudgment interest should not accrue until December 8, 2023.

Additionally, the Court's review of the evidence suggests Defendants did not receive actual notice of the amount owed until November 15, 2023. In the November 15, 2023, email at [R. 28-2] from Will Pettit, the Vice President of USI Insurance Services, LLC—Defendants' Agent—to Defendants, Mr. Pettit states that Plaintiff's "Audit for the 12/31/22 – 6/1/2023 policy period showed up in [his] email yesterday." [R. 28-2, p. 2]. He further notes that despite the email containing the audit constituting the second notice from Plaintiff as to the amount owed, "we never received the 1st notice," going on to state "[a] copy of the audit was also apparently mailed to [Defendants], but we did not see this." *Id.* Moreover, the Court notes that Plaintiff's evidence purporting to show Defendants received notice of the amount due on August 30, 2023, are all *internal* company documents from Plaintiff's records. *See* [R. 27-2; R. 27-12]. In other words, although Plaintiff's evidence may establish that *Plaintiff* knew Defendants' additional premiums were due on October 12, 2023, Plaintiff fails to establish *Defendants* knew as such. *See id.*

Based on the foregoing evidence, the Court determines that Defendants received notice of the amount owed to Plaintiff on November 15, 2023, and will calculate prejudgment interest from that date. Plaintiff provided these alternative calculations to the Court, [R. 33, pp. 4–5], and the Court finds them to be accurate.

## III.   CONCLUSION

For the reasons set forth above, the Court finds that the principal amount owed by Defendants for unpaid premiums pursuant to the audit is $115,600.50; the total principal owed is $187,245.86 for all unpaid amounts owed by Defendants to Plaintiff; the appropriate pre-judgment interest rate is 8% per annum; the total damages due as of March 8, 2026 is $217,622.86 (which

includes pre-judgment interest through March 8, 2026); pre-judgment interest at 8% per annum will continue to apply up through the date of entry of this Memorandum Opinion and Order (and its corresponding Judgment); and the post-judgment interest rate going forward is 3.56% per diem.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff American Zurich Insurance Company is **AWARDED** damages in the amount of **$217,622.86, as of March 8, 2026.**

2. The pre-judgment interest rate of 8% per annum **SHALL** apply through the date of entry of this Memorandum Opinion and Order and its corresponding Judgment.

3. Post-judgment interest **SHALL** accrue at 3.56% per diem.

4. The matter is **STRICKEN** from the Court's active docket.

5. A separate Judgment shall be entered contemporaneously herewith.

This the 3rd day of April, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY